IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CARSON THOMAS, :
: 1:10-cv-683
      Plaintiff, :
: Hon. John E. Jones III
v. :
: Hon. J. Andrew Smyser
DR. BURKE, :
:
      Defendant. :

## MEMORANDUM

### June 2, 2010

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 13), filed on May 12, 2010, which recommends that the Court dismiss the instant 42 U.S.C. § 1983 action. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

### I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by June 1, 2010

1

before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. PROCEDURAL/FACTUAL BACKGROUND

Plaintiff William Carson Thomas ("Plaintiff" or "Thomas"), proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Dr. Burke ("Defendant"), a psychiatrist at the State Correctional Institution at Rockview ("SCI-Rockview"), violated his rights under the First and Eighth Amendment because he told the Pennsylvania Board of Probation and Parole ("Parole Board") that he has schizophrenia, is not taking his medication and is a risk to the community. Plaintiff alleges that he was denied parole because of

2

Dr. Burke's statements to the Parole Board. Plaintiff also claims that Defendant caused him mental anguish from slander, defamation of character and malpractice. Plaintiff seeks immediate release from prison and monetary damages.

On April 8, 2010, Magistrate Judge Smyser issued an order granting the Plaintiff's application to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915A. Magistrate Judge Smyser concluded that the complaint as filed failed to state a claim upon which relief could be granted, but gave Plaintiff leave to file an amended complaint to state an Eighth Amendment and/or retaliation claim.

On April 22, 2010, Plaintiff filed an amended complaint. Thereafter, Magistrate Judge Smyser reviewed the pleading pursuant to 28 U.S.C. § 1915A and issued the instant R&R, which is the subject of our review herein.

## III. DISCUSSION

Magistrate Judge Smyser aptly recommends that this action be dismissed because the Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Magistrate Judge Smyser also recommends that further leave to amend would be futile inasmuch as Plaintiff has already been given one opportunity to amend his pleading and has still failed to state a claim.

3

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice. An appropriate Order shall issue.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CARSON THOMAS, | : CIVIL NO: 1:10-CV-00683 |
| Plaintiff | : |
| | : (Judge Jones) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| DR. BURKE, | : |
| Defendant | : |

**REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on March 29, 2010.

The complaint names as the defendant Dr. Burke, a psychiatrist at the State Correctional Institution at Rockview. The plaintiff alleges that he was denied parole because defendant Burke told the Pennsylvania Board of Probation and Parole that the plaintiff has schizophrenia, that he is not taking his medication and that he is a risk to the community. The plaintiff claims that defendant Burke violated his rights under the First and Eighth Amendments to the United States Constitution. He also claims that defendant Burke caused him mental anguish from slander, defamation of character and malpractice. The plaintiff seeks release from prison and monetary damages.

By an Order dated April 8, 2010, we granted the plaintiff's application to proceed *in forma pauperis* and we reviewed the complaint pursuant to 28 U.S.C. § 1915A. We concluded that the complaint fails to state a claim upon which relief may be granted. We reasoned as follows:

> In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." To the extent that the plaintiff is seeking release from prison he must pursue that claim in a habeas corpus case not in a 42 U.S.C. § 1983 case such as the instant case.
>
> A doctor who examines a prisoner and reports the results of that examination to a parole board is assisting the parole board in an adjudicative function and is entitled to absolute immunity from claims under 42 U.S.C. § 1983. *Williams v. Consovoy*, 453 F.3d 173, 179 (3d Cir. 2006). Accordingly, defendant Burke is entitled to absolute immunity from the plaintiff's claims for damages under § 1983 for his actions of telling the Board that the plaintiff has schizophrenia, that he is not taking his medication and that he is a risk to the community.
>
> Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant case, since defendant Burke is entitled to absolute immunity from the plaintiff's 42

2

U.S.C. § 1983 claims it would be futile to grant the plaintiff leave to amend with regard to defendant Burke.

The plaintiff mentions slander, defamation and malpractice. Those are state law claims.

Because the plaintiff's 42 U.S.C. § 1983 claims against defendant Burke should be dismissed, the plaintiff's state claims should also be dismissed. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)(holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims).

No individuals other than defendant Burke are named as defendants in the caption of the complaint. However, in the body of the complaint, the plaintiff mentions some corrections officers. He alleges that on two occasions two different cells mates attempted to assault him. He also alleges that after he informed the prison that he was filing a lawsuit he was accused of misconduct and placed in the Restricted Housing Unit. He also alleges that he is being set up to be murdered because of his threat to file a lawsuit.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S.

3

89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly, supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The plaintiff's allegations that two of his cellmates attempted to assault him may be seen to raise Eighth Amendment claims.

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Prison officials and employees may be liable for failure to protect an inmate from the use of excessive force if they are

4

deliberately indifferent to a substantial risk of serious harm to the inmate. *Id.* at 834. To plead an Eighth Amendment failure to protect claim a plaintiff must plead facts raising a reasonable inference of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See Hamilton v. Leavy*, 117 F.3d 742, 747 (3d Cir. 1997).

The plaintiff has not alleged how the corrections officers were deliberately indifferent to a substantial risk of serious harm. Accordingly, the complaint fails to state an Eighth Amendment failure to protect claim.

The plaintiff's allegation that he was set up to be murdered may also be seen to raise an Eighth Amendment claim. However, the plaintiff has not alleged who set him up to be murdered.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Since the plaintiff has not alleged who set him up to be murdered, the complaint fails to state an Eighth Amendment claim upon which relief can granted.

5

> The plaintiff's allegations that, after he informed the prison that he was filing a lawsuit, he was accused of misconduct, placed in the Restricted Housing Unit and set up to be murdered may be seen to raise a retaliation claim.
>
> A prisoner claiming that prison officials have retaliated against him for exercising his constitutional rights must prove that: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002).
>
> The plaintiff has not alleged facts which raise a reasonable inference that his threat to file a lawsuit was a substantial or motiving factor in the decision to accuse him of misconduct, place him in the Restricted Housing Unit or set up to be murdered. Additionally, the plaintiff has not alleged who allegedly issued him the misconduct, placed him in the Restricted Housing Unit or set him up to be murdered. For these reasons, the complaint fails to state a retaliation claim upon which relief may be granted.

Doc. 10 at 2-10.

We granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to state an Eighth Amendment and/or retaliation claim upon which relief can be granted.

6

On April 22, 2010, the plaintiff filed an amended complaint.

In his amended complaint, the plaintiff again alleges that he suffered mental pain and suffering when he was denied parole because of Dr. Burke's statements to the Parole Board. As stated in the Order of April 8, 2010, defendant Burke is entitled to absolute immunity from the plaintiff's claims under 42 U.S.C. § 1983. See *Williams v. Consovoy*, 453 F.3d 173, 179 (3d Cir. 2006). Accordingly, the amended complaint fails to state a claim against defendant Burke upon which relief may be granted.

As to a retaliation claim, the plaintiff alleges that Captain Eaton set him up to be murdered and put him in the Restricted Housing Unit for something he did not do. However, the amended complaint does not contain factual allegations which raise a reasonable inference that any constitutionally-protected conduct on the plaintiff's part was a substantial or motiving factor in the decision to place him in the Restricted Housing Unit or to set him up to be murdered. Accordingly, the amended complaint fails to state a retaliation claim upon which relief may be granted.

As to an Eighth Amendment failure to protect claim, the plaintiff alleges in the amended complaint that Captain Eaton set him up to be murdered. That is a conclusory allegation. The amended complaint does not contain any factual allegations regarding what Captain Eaton did to set up the plaintiff. The plaintiff also alleges in the amended complaint that "two white hats" Kormanic and Graham failed to recognize his severe distress because of threats from William J. Frye. He alleges that the "two white hats" violated the inmate handbook and that the abuse could have been prevented if the "white hats" would have followed the rules. We assume that the plaintiff's references to "white hats" are references to prison officers or officials. However, the amended complaint does not contain factual allegations which raise a reasonable inference that any prison officers or officials were deliberately indifference to a substantial risk of serious harm to the plaintiff. Accordingly, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment

8

would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant case, the plaintiff was already granted leave to amend and the amended complaint still fails to state a claim upon which relief may be granted. We conclude that any further leave to amend would be futile.

Based on the foregoing, it is recommended that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915A(b) and that the case file be closed.

**/s/ J. Andrew Smyser**
J. Andrew Smyser
Magistrate Judge

Dated: May 12, 2010.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CARSON THOMAS, | : CIVIL NO: 1:10-CV-00683 |
| Plaintiff | : |
| | : (Judge Jones) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| DR. BURKE, | : |
| Defendant | : |

### NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.